## Robert Lucas, plaintiff in error, *vs.* George B. Waller, defendant in error.

*Error to Muscatine.*

If a copy of a summons is left at a house which is not the defendant's residence, and a judgment be taken against him by default, he must either set aside the default by an affidavit of merits, and such other showing as the law requires, or he must seek his remedy in a court of equity.

This was an action of assumpsit brought by George B. Waller against Robert Lucas, upon a note of which the following is a copy :

"For value received, I promise to pay John G. Deshler or order, eighty-one dollars by the tenth day of July next.

"ROBERT LUCAS.

"Bloomington, May 5, 1841."

Endorsed "J. G. Deshler."

At the appearance term, 1842, the sheriff returned "served this writ by leaving a copy of this writ at the house of Charles Nealley, the usual place of residence of the within named Robert Lucas, in the care of Charles Nealley, informing him of its contents, on the tenth day of November, A. D. 1842 ; returned November 17th, 1842."

A motion was made by Parvin, attorney for the defendant, for a continuance, for that the defendant had not legal service, the copy of the summons being left at the residence of Charles Nealley, some miles in the country, while the defendant made his residence in the town of Bloomington, which motion was overruled.

Judgment was afterwards rendered by default, for $87,53 damages and costs.

The defendant moved to set aside the judgment and continue the same because there had been no legal service, and that he should be permitted to show that the dwelling of Charles Nealley was not the usual place of abode of the defendant.   Overruled.

To reverse this judgment, the defendant removed the cause by writ of error, to this court.

Errors assigned :

1. That the court refused to continue the above cause, there being no legal service.

2. That the court refused to permit the defendant to show that the dwelling of Charles Nealley, was not the usual place of abode of the defendant.

3. That after the defendant was defaulted, no jury was called to hear the proof and assess the damages.

4. That after a default, the court or the clerk, and not a jury, took the proof and assessed the damages, the same being at the first term.

5. That judgment was entered on a default, without a writ of inquiry.

6. That judgment was given for the plaintiff and not for the defendant.

PARVIN & WOODWARD, for plaintiff in error.

LOWE & DESHLER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The service in this case seems to have been legal under the act of December 31, 1840.   The defendant below however, offered to show that the house of Nealley was not his usual place of abode, and thus contradict the sheriff's return, but the defendant below was out of court.   He had suffered a default and before he could take any steps in the matter, he must get the default set aside by an affidavit of merits and such other showing as the law requires.

If Nealley's house was not really the usual place of abode of the defendant below, and if he was really ignorant of the commencement of the suit, and if the judgment entered up against him is actually unjust, he had a remedy in equity, but has no ground of complaint against the ruling of the District Court.

The other points raised are sufficiently answered in the case of Parvin vs. Hoopes, decided at the present term of this court.

Judgment affirmed.